# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION

| | |
|---|---|
| Ceres Terminals Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Hamre Equipment Company a/k/a Ameramex International, Inc.,<br><br>        Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CERES TERMINALS INCORPORATED, BY AND THROUGH COUNSEL, for its Complaint against the Defendant, and pleads as follows:

## NATURE OF THE ACTION

1.  Plaintiff Ceres Terminals Incorporated ("Ceres") brings this complaint against Hamre Equipment Co. ("Hamre") for breach of a written contract. Ceres and Hamre executed an agreement dated February 13, 2020 (the "Letter Agreement," attached hereto as Exhibit A), governing Ceres' deposit of $1,057,400 with Hamre (the "Deposit") as a down payment towards the purchase of Liebherr Type LHM 420 crane (the "Equipment").

2.  The Deposit was conditioned upon Ceres and Hamre subsequently executing a formal purchase agreement for the Equipment (the "Purchase Agreement"). If Ceres and Hamre did not execute the Purchase Agreement, the Letter Agreement set forth the method and mechanism by which Ceres could request, and Hamre would return, the entire amount of the Deposit.

3.  Ceres and Hamre did not execute the Purchase Agreement, and Ceres timely and properly requested return of the Deposit pursuant to the terms of the Letter Agreement.

4. To date, Hamre has not returned Ceres' Deposit, as required by the Letter Agreement, and Hamre is therefore in breach of the Letter Agreement.

## JURISDICTION, VENUE, AND APPLICABLE LAW

5. This Court has jurisdiction over the claim asserted in this matter pursuant to 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this district because the parties expressly agreed in the Letter Agreement that "venue for all controversies that may arise hereunder shall be located in the federal or state courts located in Newport News, Virginia." (*See* Ex. A, p. 2.)

7. Personal jurisdiction is proper in this district because the parties consented to this Court's jurisdiction when they agreed that any controversy arising under the Letter Agreement had to be brought in the federal or state courts located in Newport News, Virginia. (*See id.*)

8. The parties agreed that the laws of the Commonwealth of Virginia would govern the interpretation of the Letter Agreement for purposes of any dispute arising under it. (*See id.*)

## PARTIES

9. Plaintiff Ceres Terminals Incorporated is a Delaware corporation with its headquarters and principal place of business in Nashville, Tennessee. Ceres has provided stevedoring and terminal services throughout North America for over 60 years.

10. Upon information and belief, Defendant Hamre Equipment Company is a California corporation with its headquarters and principal place of business in Chico, California. Upon information and belief, Hamre was merged into Ameramex International, Inc., which is a corporation organized and existing under the laws of the State of Nevada and continues to maintain its principal place of business in Chico, California.

## **FACTUAL ALLEGATIONS**

11. In or about January 2020, Ceres was involved in negotiations to be responsible for the offloading of product at Port Hueneme, California.

12. Ceres determined that if the negotiations resulted in a contract, fulfillment of the contract would require the purchase of special crane, referenced in the Letter Agreement as the Equipment.

13. To be prepared should the negotiations be successful, Ceres contacted Hamre and opened discussions regarding purchase of the Equipment from Hamre.

14. On January 22, 2020, Hamre made an offer to Ceres, stating that it would be able to supply the Equipment to Ceres at a cost of $5,445.610 plus tax.  (*See id.*, p. 1.)

15. Following Hamre's offer, the parties began negotiating the terms of the Purchase Agreement for purchase of the Equipment.  (*See id.*)

16. In February 2020, Ceres and Hamre negotiated and executed the Letter Agreement.  (*See id.*, p. 2.)  The Letter Agreement provided the terms upon which Ceres would pay the Deposit to Hamre to ensure availability of the Equipment while the parties were negotiating the Purchase Agreement.  The amount of the Deposit was to be $1,057,400.00.  (*See id.*, p. 1.)  The Letter Agreement expressly provided for the return of Ceres' Deposit should Ceres so request pursuant to the terms of the Letter Agreement.  (*See id.*)

17. Specifically, the Letter Agreement stated in pertinent part as follows:

   a. "[D]ue to timing prior to our consummation of the Purchase Agreement, the Parties wish to provide for their respective rights vis-à-vis a certain Deposit being made by Ceres Terminals to Hamre Equipment Co. in connection with the ultimate purchase of the Equipment and specifically in the event the Parties ultimately do not jointly execute a Purchase Agreement."

   b. "[The parties] therefore desire to enter into this Letter Agreement to provide, among other things, the terms and conditions under which Ceres Terminals is

       willing to advance the Deposit (defined below) to Hamre Equipment Co. in connection with the proposed purchase of [the Equipment], and for the return of such Deposit in the event a Purchase Agreement is not executed by the Parties."

   c. "On the date of execution of this Letter Agreement, Ceres Terminals shall advance the sum of $1,057,400.00 US Dollars, … to Hamre Equipment Co."

   d. "In the event the Parties do not execute a Purchase Agreement on or before March 13th 2020 at 5:00 pm Pacific daylight Time (the "Purchase Agreement Deadline") for any reason whatsoever or no reason at all, then upon written notice from Ceres Terminals, Hamre Equipment shall promptly, but no later than five (5) days from the date of Ceres Terminals written notice, remit the Deposit to Ceres Terminals."

   e. "In the event of any litigation arising out of the Letter Agreement, after all applicable appeals, the prevailing Party shall be entitled to receive from the losing Party an amount equal to the prevailing Party's reasonable out of pocket costs incurred in such litigation, including, without limitation, the prevailing Party's reasonable attorney fees, costs and disbursements."

(*Id.*)

18. Hamre executed the Letter Agreement on February 14, 2020. (*Id.*, p. 2.)

19. Ceres executed the Letter Agreement on February 18, 2020. (*Id.*, p. 2.)

20. Ceres paid Hamre the Deposit in the amount of $1,057,400.

21. Ceres' payment to Hamre of the Deposit was consistent with the terms of the Letter Agreement.

22. Upon information and belief, Hamre subsequently paid to Liebherr the same amount that Ceres had deposited with Hamre. Ceres was uninvolved in that transaction and has no contract or agreement, written or otherwise, with Liebherr.

23. Ceres' negotiations for the Port Hueneme project were ultimately unsuccessful and did not result in a contract.

24. Consequently, on March 13, 2020, before 5:00 p.m. Pacific Daylight Time, Ceres properly made a written demand to Hamre for return of the Deposit. (*See* March 13, 2020 Email

from C. Choi to L. Hamre, attached hereto as Exhibit B (the "Deposit Return Request").) Pursuant to the terms of the Letter Agreement, Hamre was then obligated to return the full amount of the Deposit within five days.

25. Hamre did not return the Deposit on or before March 18, 2020, the deadline for the return of the Deposit under the terms of the Letter Agreement, representing a material breach of the Letter Agreement by Hamre.

26. On April 13, 2020, counsel for Ceres made a formal demand to Hamre for return of the Deposit.

27. As of the date of filing of this Complaint, Hamre has yet to return any portion of the Deposit to Ceres.

28. Ceres has been advised that a third party allegedly infiltrated Hamre's emails when Hamre was requesting return of its funds from Liebherr, which led Liebherr to return the funds to a bogus account in Hong Kong that is unaffiliated with Hamre.

29. Even if true, the unlawful infiltration and the resulting events are unfortunate, but those events do not involve Ceres; Ceres is in no way responsible for them, and they do not alter Hamre's obligations to Ceres under the Letter Agreement.

## COUNT I

### BREACH OF CONTRACT

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Ceres and Hamre negotiated and executed a valid contract, the Letter Agreement, governing Ceres' payment of the Deposit to Hamre, including explicit terms as to how Ceres could request and receive a return of the Deposit.

32. On March 13, 2020, Ceres properly and timely requested return of the Deposit from Hamre pursuant to the terms of the Letter Agreement, obligating Hamre to return the Deposit within five days of that request, *i.e.*, on or before March 18, 2020.

33. To date, Hamre has not returned any portion of the Deposit to Ceres, which failure constitutes a breach of the Letter Agreement.

## COUNT II

### UNJUST ENRICHMENT
### pled in the alternative to Count I

34. Plaintiff realleges paragraphs 11-15, 20, 22-24, 26-29 as if recited verbatim.

35. Ceres paid Hamre $1,057,400 as a down payment on the Equipment based on the potential that Ceres might contract with another entity to handle the offloading of certain product at Port Hueneme, California requiring such Equipment.

36. Hamre agreed that it would return the down payment if Ceres timely made a demand for its return.

37. Ceres made a timely demand for the return of the down payment of $1,057,400.

38. Hamre failed to return the down payment to Ceres.

39. As a result, Hamre has been unjustly enriched at Ceres' expense in the amount of $1,057,400.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grant it judgment against Defendant in the amount of the Deposit ($1,057,400.00), interest, and attorneys' fees and costs pursuant to the terms of the Letter Agreement.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 11, 2020

RESPECTFULLY SUBMITTED,

**FAEGRE DRINKER BIDDLE & REATH LLP**

/s/ Joie C. Hand

Joie C. Hand (VSB 90772)
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone:    202 230 5108
Facsimile:    202 842 8465
Email: joie.hand@faegredrinker.com


Colby Anne Kingsbury (*pro hac vice* submitted)
311 South Wacker Drive, Suite 4300
Chicago, IL  60606
Telephone:    312 212 6500
Facsimile:    312 212 6501
Email:  colby.kingsbury@faegredrinker.com


Michael Jaeger (*pro hac vice* submitted)
11766 Wilshire Blvd., Suite 750
Los Angeles, CA 90025
Telephone:    312 212 6500
Facsimile:    312 212 6501
Email:  michael.jaeger@faegredrinker.com

*Attorneys for Plaintiff*
*Ceres Terminals Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May 2020, I have caused copies of ***Ceres Terminals Incorporated's Complaint*** to be served as follows:

**VIA PROCESS SERVER:**

Hamre Equipment Co. a/k/a/ Amaramex International, Inc.
c/o Lee Hamre, Registered Agent
3930 Esplanade
Chico, California 95973

*/s/     Joie C. Hand*
　　　　Joie C. Hand